UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Robert W. Johnson

      v.                              Case No. 24-303-SM-TSM

Wendy's Restaurant

**REPORT AND RECOMMENDEDATION**

Pro se plaintiff Robert W. Johnson, a resident of Syracuse, New York, filed a complaint (Doc. No. 1) against Wendy's Restaurant, also located in Syracuse. Mr. Johnson's complaint is before the undersigned magistrate judge for preliminary review. See LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2).

**STANDARD OF REVIEW**

The magistrate judge conducts a preliminary review of pleadings, like Mr. Johnson's that are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

**Factual Allegations**

Mr. Johnson alleges that, on September 6, 2024 in Syracuse, New York, he was "assaulted and injured at Wendy's Restaurant while employed and was terminated illegally by Manager Sarah." Compl. (Doc. No. 1) at 4. He seeks $750 million in compensatory and punitive damages.

**DISCUSSION**

Federal venue law states, in pertinent part, that a civil action may only be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)-(2). Where the defense of improper venue is "obvious from the face of the complaint and no further factual record is required to be developed, the court may, sua sponte, dismiss the case." Hart v. Rowe, No. 20-cv-417-LM, 2021 WL 1581781, at *1 (D.N.H. Mar. 5, 2021) (cleaned up), R & R adopted, 2021 WL 1581013 (D.N.H. Apr. 22, 2021); see also Wilkinson v. Sec'y, Fla. Dep't of Corrs., 622 F. App'x. 805, 808–09 (11th Cir. 2015) (court may dismiss a matter, sua sponte, for defective venue, pursuant to 28 U.S.C. § 1915, after providing plaintiff with opportunity to object).

Mr. Johnson's complaint contains no allegation of any connection between the District of New Hampshire and the events and parties named in the complaint that would satisfy the venue requirements of federal law. Accordingly, the district judge should dismiss this action in its entirety, without prejudice, for improper venue.[1]

---

[1] Under 28 U.S.C. § 1406(a), which is applicable to cases brought in an improper venue, a case may be transferred, in lieu of dismissal, if the transfer is in the interest of justice. The court concludes that a transfer of this case is not in the interests of justice because: (i) the events giving rise to this case occurred in September 2024; consequently Mr. Johnson's claims will not be barred by a statute of limitations if filed in the proper forum; (ii) the complaint does not allege facts

## CONCLUSION

Based on the foregoing, the district judge should dismiss this case for improper venue, without prejudice to being re-filed in an appropriate forum. The Clerk of Court should then enter judgment and close the case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "are subject to review in the district court," and any issues "not preserved by such objection are precluded on appeal." Id. (cleaned up).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

October 7, 2024

cc:     Robert W. Johnson, pro se

---

showing that the claims are likely to have merit; and (iii) Mr. Johnson has a history of filing frivolous litigation and is subject to filing restrictions in numerous jurisdictions. See Johnson v. Bitrategaming, No. 5:22-cv-448-GTS-TWD, Report and Recommendation and Order, (Doc. No. 5) (N.D.N.Y. May 11, 2022 (and cases cited therein), accepted and adopted, (N.D.N.Y. June 21, 2022) (Doc. No. 7). Such a restriction exists in the United States District Court for the Northern District of New York, which, according to the sparse allegations in the complaint, might be an appropriate venue. See In Re: Robert W. Johnson, No. 5:22-pf-3-BKS, Pre-Filing Order (Doc. No. 4) (N.D.N.Y. May 19, 2022). Where, as here, the statute of limitations is not implicated, the court is not inclined to transfer a case to a court where the plaintiff in under such a filing restriction.